Weygandt, C. J.
 

 A careful study of the somewhat confusing record in this case discloses that the course actually followed by The Boggess Coal & Supply Company was to file first an original and then a,supplemental answer and cross-petition alleging in substance that it held certain claims against Jones, and that these claims were protected by an assignment and also by a subsequent attested account, each of which involves the same fund held by the city of Columbus. It is contended by The Continental Clay Company and The Indemnity Insurance Company of North America that their judgments are superior to the claims of The Boggess Coal & Supply Company for the reason that
 
 *151
 
 the assignment is invalid, and for the further reason that the right to an attested account was waived when the assignment was taken.
 

 The assignment in question reads as follows:
 

 “Columbus, Ohio, Aug. 5, ’29.
 

 “Contract between J. 0. Jones sole owner of the J. & S. Construction Co. and The Boggess Coal and Supply Co.
 

 “The said J. 0. Jones having entered into a contract with the city of Columbus for the construction of certain sidewalks being all of the sidewalks let by the said city of Columbus in June 1929, and beginning alphabetically with Belvidere and ending with Weber rd. And the said J. 0. Jones having said work under construction does hereby assign all money due and to become due to the said Boggess Coal and Supply Co. and no money paid by the city of Columbus for said work is to be used by the said J. 0. Jones, and all cheeks issued by the auditor of the city of Columbus in payment of said work are to be indorsed by the said J. 0. Jones and delivered to the said Bogges Coal and Supply. Co., for which the said Bogges Coal and Supply Co. agrees to furnish all material used in the construction of said sidewalks herein described the balance of money paid for said work by the said city of Columbus, is to be applied' on note held by the said Boggess' Coal and Supply Co. against the said J. 0. Jones and for labor used in the construction of said walks herein described.
 

 “J.
 
 &
 
 S. Const. Co.
 

 “J. 0. Jones.
 

 “By J. 0. Jones.
 

 “Witness:
 

 “Aaron Graham.”
 

 The evidence shows that the city of Columbus was notified of the assignment, but complaint is made that there was no consent to it. However, under the well-
 
 *152
 
 settled rule of equity none is necessary, even though the assignment be a partial one. 3 Ohio Jurisprudence, 271; P.,
 
 C., C. & St. L. Ry. Co.
 
 v.
 
 Volkert,
 
 58 Ohio St., 362, 50 N. E., 924;
 
 General Excavator Co.
 
 v.
 
 Judkins, post,
 
 160. It therefore is unnecessary to determine whether the evidence shows this assignment to be entire or partial.
 

 It is urged that the assignment was conditional and did not definitely give The Boggess Coal & Supply Company a right to the fund. Much is made of the fact that the written agreement required the checks to be indorsed by Jones. However, it is important to note that they were not to be delivered to Jones, but to The Boggess Coal & Supply Company. A similar arrangement obtained in the case of the
 
 General Excavator Co.
 
 v.
 
 Judkins, supra.
 
 In that case the checks were indorsed actually by’the assignee bank. In the instant case all indorsements except one were made by Mrs. Boggess, who was a partner in The Boggess Coal & Supply Company and also the secretary-treasurer of the J. & S. Construction Company.
 

 In view of the fact that the validity of the assignment is sustained by this court it. becomes unnecessary to discuss the numerous other questions raised in the briefs and in oral argument. It follows that the decree of the Court of Appeals must be reversed and final judgment entered fixing the priorities in favor of The Boggess Coal & Supply Company, The Continental Clay Company, and The Indemnity Insurance Company of North America, in the order named.
 

 Decree reversed and final judgment entered.
 

 Allen, Stephenson, Jones, Matthias, Bevis and Zimmerman, JJ., concur.